1  McGREGOR W. SCOTT
   United States Attorney
2  PAUL HEMESATH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
                  IN THE UNITED STATES DISTRICT COURT
9
                  EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,              | CASE NO. 2:18-CR-179 MCE
12 |                          Plaintiff,    | AMENDED STIPULATION REGARDING
                                           | EXCLUDABLE TIME PERIODS UNDER SPEEDY
13 |                    v.                  | TRIAL ACT; ORDER
14 | ENELIDA GARCIA ACEVEDO, and            | DATE: June 18, 2020
   | STEPHANI ANN TORRES,                   | TIME: 9:00 a.m.
15 |                                        | COURT: Hon. Morrison C. England, Jr.
   |                       DEFENDANTS.      |
16

17

18
          This case is set for a status conference on June 18, 2020.  On March 17, 2020, this Court issued
19
   General Order 611, which suspends all jury trials in the Eastern District of California scheduled to
20
   commence before May 1, 2020.  This General Order was entered to address public health concerns
21
   related to COVID-19.
22
          On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the
23
   Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to
24
   continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the
25
   courthouses to members of the public without official business before the Court until further order, and
26
   also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act,
27
   referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial
28
   emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that

   STIPULATION REGARDING EXCLUDABLE TIME            1
   PERIODS UNDER SPEEDY TRIAL ACT

1   any criminal matters that remain on calendar are to be conducted by telephone or video conference to

2   the full extent possible, while allowing exceptions on a case-by-case basis.

3          Although the General Orders address the district-wide health concern, the Supreme Court has

4   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

5   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

6   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

7   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

8   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

9   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

10  or in writing").

11         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

13  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

14  the ends of justice served by taking such action outweigh the best interest of the public and the

15  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

16  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

17  ends of justice served by the granting of such continuance outweigh the best interests of the public and

18  the defendant in a speedy trial."  *Id.*

19         The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

20  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

21  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

22  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

23  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

24  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

25  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

26  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

27  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

28         In light of the societal context created by the foregoing, this Court should consider the following

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). 1  If continued, this Court should designate a new date for the status conference.  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their respective counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 18, 2020.

2.      By this stipulation, defendants now move to continue the status conference until August 13, 2020, and to exclude time between June 18, 2020, and August 13, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and other evidence.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, and to discuss potential resolutions with his/her client, to prepare pretrial motions.

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    f)    Based on the above-stated findings, the ends of justice served by continuing the

2    case as requested outweigh the interest of the public and the defendants in a trial within the

3    original date prescribed by the Speedy Trial Act.

4    g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5    et seq., within which trial must commence, the time period of June 18, 2020 to August 13, 2020,

6    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

7    because it results from a continuance granted by the Court at defendants' request on the basis of

8    the Court's finding that the ends of justice served by taking such action outweigh the best interest

9    of the public and the defendants in a speedy trial.

10    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

11   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12   must commence.

13    IT IS SO STIPULATED.

14   Dated:  June 16, 2020

McGREGOR W. SCOTT
United States Attorney

15

16   /s/ PAUL HEMESATH
PAUL HEMESATH
Assistant United States Attorney

17

18   Dated:  June 16, 2020

/s/ MIA CRAGER
MIA CRAGER
Counsel for Defendant
ENELIDA GARCIA ACEVEDO

19

20

21   Dated:  June 16, 2020

/s/ DANIEL OLSEN
DANIEL OLSEN
Counsel for Defendant
STEPHANI ANN TORRES

22

23    IT IS SO ORDERED.

24   Dated:  June 16, 2020

25

26   MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4